*E-Filed 5/11/11*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| ALEXANDER BALBUENA, | No. C 11-0228 RS (PR) |
| Petitioner, | **ORDER TO SHOW CAUSE;** |
| v. | **GRANTING LEAVE TO PROCEED IN FORMA PAUPERIS** |
| MARTIN BITER, and THE CALIFORNIA ATTORNEY GENERAL, | |
| Respondents. / | |

### INTRODUCTION

This is a federal habeas corpus action filed pursuant to 28 U.S.C. § 2254 by a *pro se* state prisoner. The petition is now before the Court for review pursuant to 28 U.S.C. § 2243 and Rule 4 of the Rules Governing Section 2254 Cases.

### BACKGROUND

According to the petition, in 2008, a Contra Costa Superior Court jury found petitioner guilty of first degree murder. Consequent to the verdict, petitioner was sentenced to a total term of 82 years-to-life in state prison. The instant petition was filed after petitioner was denied relief on direct state review. It appears that petitioner did not seek state

collateral review.

**DISCUSSION**

This Court may entertain a petition for writ of habeas corpus "in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). A district court considering an application for a writ of habeas corpus shall "award the writ or issue an order directing the respondent to show cause why the writ should not be granted, unless it appears from the application that the applicant or person detained is not entitled thereto." 28 U.S.C. § 2243. Summary dismissal is appropriate only where the allegations in the petition are vague or conclusory, palpably incredible, or patently frivolous or false. *See Hendricks v. Vasquez*, 908 F.2d 490, 491 (9th Cir. 1990).

As grounds for federal habeas relief, petitioner claims that (1) the trial court violated his Fifth Amendment right against self-incrimination when it failed to suppress his confession; (2) the trial court violated his right to due process by giving improper jury instructions;[1] (3) defense counsel rendered ineffective assistance; and (4) the trial court violated his right to be present at all critical stages of the prosecution. Petitioner alleges both state and federal constitutional claims. Petitioner's state constitutional claims are DISMISSED without leave to amend, federal habeas relief being unavailable for violations of state law or for alleged error in the interpretation or application of state law. *See Swarthout v. Cooke*, 131 S. Ct. 859, 863 (2011). Liberally construed, claims 1–4 above, insofar as they allege violations of federal law, appear to be cognizable in a federal habeas action. Petitioner's motion to proceed *in forma pauperis* (Docket No. 2) is GRANTED, good cause appearing therefor.

---

[1] This is a consolidation of Claims 2 & 5 listed in the petition.

**CONCLUSION**

1. The Clerk shall serve by certified mail a copy of this order, the petition and all attachments thereto, on respondents and respondents' counsel, the Attorney General for the State of California. The Clerk shall also serve a copy of this order on petitioner.

2. Respondents shall file with the Court and serve on petitioner, within **ninety (90)** days of the date this order is filed, an answer conforming in all respects to Rule 5 of the Rules Governing Section 2254 Cases, showing cause why a writ of habeas corpus should not be granted based on petitioner's cognizable claims. Respondents shall file with the answer and serve on petitioner a copy of all portions of the state trial record that previously have been transcribed and that are relevant to a determination of the issues presented by the petition.

3. If petitioner wishes to respond to the answer, he shall do so by filing a traverse with the Court and serving it on respondents' counsel within **thirty (30)** days of the date the answer is filed.

4. In lieu of an answer, respondents may file, within **ninety (90)** days of the date this order is filed, a motion to dismiss on procedural grounds, as set forth in the Advisory Committee Notes to Rule 4 of the Rules Governing Section 2254 Cases. If respondents file such a motion, petitioner shall file with the Court and serve on respondents an opposition or statement of non-opposition within **thirty (30)** days of the date the motion is filed, and respondents shall file with the Court and serve on petitioner a reply within **fifteen (15)** days of the date any opposition is filed.

5. Petitioner is reminded that all communications with the Court must be served on respondents by mailing a true copy of the document to respondents' counsel.

6. It is petitioner's responsibility to prosecute this case. Petitioner must keep the Court and respondents informed of any change of address and must comply with the Court's orders in a timely fashion. Failure to do so may result in the dismissal of this action for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b).

7. Upon a showing of good cause, requests for a reasonable extension of time will be granted provided they are filed on or before the deadline they seek to extend.

8. Petitioner's motion to proceed *in forma pauperis* is GRANTED.

9. This order terminates Docket No. 2.

**IT IS SO ORDERED**.

DATED: May 11, 2011

RICHARD SEEBORG
United States District Judge